UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00164-LLK

**RANDY C. BURKS**                                                                                                         **PLAINTIFF**

**v.**

**ANDREW SAUL, Commissioner of Social Security**                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for social security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 10 and 13. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 8].

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's three arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

Plaintiff alleges she became disabled and entitled to disability insurance benefits under Title II of the Social Security Act on November 1, 2013. [DN 6-2 at 18]. She was last insured for benefits on September 30, 2014. *Id.* As of November 1, 2013, Plaintiff was doing nails three days a week (not substantial gainful activity) at her own business as a manicurist. *Id.* at 18, 21, 22. Plaintiff alleges disability due to migraine headaches and depression/anxiety. The ALJ found Plaintiff was not disabled during the relevant period between November 1, 2013 and September 30, 2014 because she retained the ability to perform her past relevant work as a manicurist and manager as well as other light jobs that exist in significant numbers in the national economy. *Id.* at 22-23.

First, Plaintiff argues that the ALJ erred in finding that, during the relevant period between November 1, 2013 and September 30, 2014, her depression and anxiety were non-severe. [DN 10 at 1-5 referencing DN 6-2 at 18].

The ALJ recognized that, during the relevant period, advanced practice registered nurse (APRN) Helen Cayce prescribed Plaintiff Zoloft and Xanax on an as-needed basis. [DN 6-2 at 18]. However, according to the ALJ, Plaintiff's depression and anxiety were not severe, or vocationally significant, for the following reasons:

> … In March 2014, she reported that her depression was much improved with reports of only mild anxiety. … There is no evidence of record of formal mental health intervention or that such treatment was medically necessary. The clamant testified of no treatment with a psychiatrist or counselor. Overall, the record shows depression and anxiety were attenuated with medication and her impairments were non-severe. The undersigned finds no more than mild limitations in understanding, remembering and applying information; interacting with others; concentrating, persisting and maintaining pace; and adapting and managing oneself. …

*Id.* at 18-19.

Plaintiff's argument is unpersuasive because she fails to point to any evidence that her depression and anxiety resulted in more than mild limitation prior to September 30, 2014. *See Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 929 (6th Cir. 2007) ("To surmount the step two [severity] hurdle, [Plaintiff] bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that [he] was 'disabled,' as defined by the Act, on or prior to the date [he] was last insured."); 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degrees of your limitation as 'none' or 'mild' [in the four areas discussed by the ALJ] we will generally conclude that your [mental] impairment(s) is not severe."). While Plaintiff attempts to fault the ALJ's finding that "[i]n March 2014, [Plaintiff] reported that her depression was much improved with reports of only mild anxiety" [DN 10 at 5 referencing DN 6-2 at 18], asserting that no such report exists, Plaintiff is mistaken. On March 10, 2014, Advanced Practice Registered Nurse ("APRN") Susan Roberson, noted that Plaintiff "report[ed] mild anxiety and depression, now much improved with the current medications." [DN 6-7 at 358.]

Second, Plaintiff argues that the ALJ erred in failing to consider the possibility that, during the relevant period between November 1, 2013 and September 30, 2014, her migraines would have caused a degree of absenteeism, unreliability, and time off task that most employers would have found intolerable. [DN 10 at 5-9].

The argument is unpersuasive for three reasons.  First, the ALJ **did** consider but rejected this possibility when he evaluated Plaintiff's limitations due to pain and other subjective symptoms and concluded that she can nevertheless perform a limited range of light work.  [DN 6-2 at 19-22].  Second, Plaintiff fails to point to any evidence that her migraines would have caused a disabling degree of absenteeism prior to September 30, 2014.  See 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity").

Third, Plaintiff argues that, during the relevant period between November 1, 2013 and September 30, 2014, her migraines were disabling because, in November 2013, her treating neurologist, Jan L. Brandes, M.D., assessed her as having "migraine without aura, with intractable migraine, so stated, with status migrainosus."  [DN 10-7 at 7].  A migraine that lasts for more than 72 hours is called status migrainosus.  Linda Judy W. v. Comm'r, No. 1:17-CV-02855-AJB, 2018 WL 4520256, at n. 13 (N.D. Ga. Sept. 20, 2018).  Dr. Brandes assessed status migrainosus along with eight other conditions:

> Assessments
> 1. Chronic migraine without aura, with intractable migraine, so stated, with status migrainosus – 346.73 (Primary)
> 2. Symptomatic menopausal or female climacteric states – 627.2
> 3. Depression – 311
> 4. Migraine without aura, with intractable migraine, so stated, with status migrainosus – 346.13
> 5. Osteopenia – 733.90
> 6. Vitamin D deficiency, unspecified – 268.9
> 7. Drug induced headache, not elsewhere classified – 339.3
> 8. Neck pain / spasms – 723.9
> 9. Occipital neutralgia – 723.8
> 10.  Nonspecific reaction to tuberculin skin test without active tuberculosis – 795.51

[DN 6-7 at 365].

Plaintiff's argument is unpersuasive for three reasons. First, the "mere diagnosis of [an impairment], of course, says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Second, even if Plaintiff had a migraine lasting more than 72 hours in November 2013, it did not "last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Third, there is a lack of evidence Plaintiff's migraines typically last 72 hours. For example, in November 2013, when Plaintiff began treatment with Dr. Brandes, Plaintiff reported she typically waits until a headache reaches a pain level of 5 before taking Sumatriptan / Imitrex, and then the headache usually resolves to a pain level of 0-1 within 45-60 minutes. [DN 6-7 at 364]. In December 2013, she reported she could "abort the headache[s] ... 2/3 of the time" with the muscle relaxant "Skelaxin at onset of neck pain," and the remaining 1/3 "resolve[] within 60-90 minutes" with Imitrex. *Id.* at 359. In January 2014, she reported "considerable improvement." *Id.* In March, she reported only one migraine. *Id.* In July 2014, she reported a migraine at Easter that was the "worst in a very long time." *Id.* at 350. However, she again reported that, with Sumatriptan, she is typically "pain free in 2 hours." *Id.* Plaintiff did not return to Dr. Brandes until December 2014 (after her September 30, 2014 date last insured). *Id.* at 346-49.

### Order

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's three arguments are unpersuasive, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

May 14, 2020

Lanny King, Magistrate Judge
United States District Court